Genevieve Denmark and her husband, Jed W. Denmark, Jr., appeal from a summary judgment in favor of "Gayfer's Montgomery Fair, Co.," and its reputed "successor in interest," Mercantile Stores Company, Inc., a/k/a Dillard's, or Dillard's, Inc. (hereinafter referred to as "Mercantile"),[1] in the Denmarks' action seeking damages for injuries Genevieve Denmark allegedly suffered when she tripped and fell on Mercantile's premises. We reverse and remand.
This action began on December 18, 1998, when the Denmarks filed a two-count complaint against Mercantile. The complaint alleged that Genevieve Denmark was injured while shopping at Mercantile's store in Springdale Mall, when she "tripped *Page 1192 
[over] a roll of plastic shopping bags that was left lying on the floor by [Mercantile]." The complaint alleged that Mercantile had been negligent, wanton, and reckless and included a loss-of-consortium claim by Jed. It sought compensatory and punitive damages, based on Genevieve's injuries and Jed's loss of consortium. Mercantile subsequently moved for a summary judgment, which the trial court granted; the Denmarks appealed.
On appeal, Mercantile contends that the trial court "was correct in granting summary judgment . . . in that the [Denmarks] failed to adduce any evidence that [Mercantile] had notice or knowledge or should have had notice or knowledge of an alleged dangerous condition." Mercantile's Brief, at 3. Next, it contends that the trial court was correct in entering the summary judgment "in that the evidence establishes conclusively that the alleged condition complained of was open and obvious and that [Genevieve Denmark] knew or should have known of the nature of the condition complained of through the exercise of reasonable care." Mercantile's Brief, at 3. Mercantile further states:
 "When you get right down to brass tacks in this case, . . . this is an accident which occurred when . . . Genevieve Denmark, standing in front of a display rack of blouses for a significant amount of time, all the while standing almost on top of a two and a half to three foot long, eight inch in diameter roll of either white or turquoise bags, finished looking at blouses, turned to her right without looking and immediately tripped over the bags causing her to fall to the floor. Nothing blocked her view of the bags. The evidence shows only that Mrs. Denmark failed to exercise reasonable and due care for her own safety by failing to watch were she was going and by failing to observe the large brightly colored bags which she asserts had been at her feet for some time."
Mercantile's Brief, at 5. We address each of these contentions in separate sections.
 I. Notice to Mercantile
A store owner's duty is well-established. That duty is "to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala. 1990). Consequently, injured "plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury." Id. Where, however, "`"the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice."'" Wal-MartStores, Inc. v. Rolin, 813 So.2d 861, 864 (Ala. 2001) (emphasis added) (quoting Wal-Mart Stores, Inc. v. McClinton, 631 So.2d 232, 234 (Ala. 1993), quoting in turn Joseph A. Page, The Law of Premises Liability
§ 7.11 at 169 (2d ed. 1988)). See also Mims v. Jack's Restaurant,565 So.2d 609 (Ala. 1990). This Court has held that where a shopper trips over merchandise protruding from a box that is part of a "barbeque grill display" evidently arranged by store employees, the store owner's knowledge of a hazardous condition is presumed. Rolin, 813 So.2d at 865.
The procedure on a summary-judgment motion is equally well-established. "On a motion for a summary judgment, the burden is initially on the movant to make a prima facie showing that there *Page 1193 
is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law." Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker Lowther, P.C., 703 So.2d 866, 868 (Ala. 1996); Rule 56, Ala.R.Civ.P. See McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957, 958 (Ala. 1992). Thus, "[t]he burden to present evidence that will establish a genuine issue of material fact does not shift to the nonmovant unless the movant [first] satisfies its burden." O'Barr v.Oberlander, 679 So.2d 261, 263 (Ala.Civ.App. 1996).
In connection with its burden, Mercantile filed in support of its summary-judgment motion a "narrative statement of uncontested facts," based on the deposition testimonies of Genevieve Denmark and her two sons, Richard and Jed Denmark III, who accompanied her on the day of the accident. That statement provides, in pertinent part:
 "On December 23, 1996, Genevieve Denmark, accompanied by her two adult children, was shopping at [Mercantile's] store in Springdale Mall. Mrs. Denmark stopped in the women's sportswear department to look at blouses on a hanging rack. The hanging rack was located near a checkout counter and located on the carpeted display floor. After looking at the blouses, Mrs. Denmark turned and immediately fell to the floor. She later determined that [she] had fallen over a roll of [plastic garment] bags on the floor. Mrs. Denmark denied ever seeing the bags before she fell. Prior to her fall, she had been standing facing the rack of blouses for an unknown period of time at approximately arm's length distance from the blouses. She does not know of anything that would have obstructed her view of the roll of bags.
 "Mrs. Denmark was uncertain of the dimensions of the bags over which she fell. After she fell, her son, Richard Denmark, came to her assistance. Neither she nor her sons Richard or Jed ever spoke with the sales associate at the counter near where the accident occurred prior to leaving the store. . . .
 "Richard Denmark was standing approximately 15 feet from his mother when he saw her fall. He could not see what caused the fall. He went to assist his mother and when he got closer to where she had fallen, saw that she had fallen over a roll of bags on the floor. He estimates that the roll of bags was approximately 2 or 3 feet in length and somewhere between 6 to 8 inches in diameter. He cannot recall what color the bags were. He is not aware of anything that would have prevented his mother from seeing the bags. He accompanied his mother from the accident to [a nearby department store] where she was overcome. He returned to [Mercantile's store] in the company of a [Mercantile] employee who came to the [nearby store] concerning the accident. That was the first time he or anyone in his family had reported the fall to [Mercantile]. When he returned to the scene of the accident, the bags had been moved. He stated that the [sales] associate advised him that the bags were not supposed to be outside the checkout counter and that she had put the bags behind the checkout counter. Richard Denmark does not know anything about who put the bags in the display area or how the bags came to be in the display area. He does not know how long they had been there. He does not believe that anyone knew that the bags were in the display area. He did not see anything that obstructed his view of the bags. *Page 1194 
 "Jed Denmark, the Plaintiff's older son, accompanied his mother to the store and witnessed the fall. He did not have an unobstructed view of her fall. He watched as his mother, after having looked at blouses, turned, stepped back and immediately fell. Neither he nor his brother or mother ever spoke to the sales associates prior to leaving the store and going to [the nearby store]. He left [Mercantile's] and went to [the nearby store] to finish Christmas shopping. Jed Denmark testified that his mother tripped over a roll of plastic bags which he saw for the first time after the accident. He testified while he could not recall the color of the bags that it `seemed to him that they were either light blue or dark, I can't recall.' He testified that the roll of bags [was] approximately 4 feet long and . . . between 3 and 4 inches in diameter. He does not have any idea how the bags came to be on the display floor. He does not have any idea who put them there. He does not have any knowledge one way or the other whether or not anyone at [Mercantile] knew the bags were on the display floor at the time his mother fell."
(Emphasis in original; citations to the record omitted.)
This statement does not satisfy Mercantile's burden. On the contrary, it tends to establish only that the roll of garment bags over which Denmark tripped was under the custody and control of Mercantile and had been placed in the display area by a Mercantile employee. Indeed, the sales associate working in the immediate area of the accident told Richard Denmark that the roll was "not supposed to be outside the checkout counter." Thus, Mercantile offered no evidence indicating that the roll of garment bags was ever used or handled by anyone, other than Mercantile employees. Consequently, the burden to present evidence creating a genuine issue of material fact never shifted to the Denmarks.
 II. Open-and-Obvious Defense
A condition is "open and obvious" when it is "known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care." Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980). "The entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger which causes the [customer's] injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the [store owner] cannot be held liable." Id. (citation omitted).
In this connection, Mercantile argues: "To prevail, . . . the Plaintiffs must also establish that Mrs. Denmark was ignorant or should have been ignorant of the condition she alleges to have been dangerous." Mercantile's Brief, at 22. However, Mercantile's argument that the condition that caused Mrs. Denmark's fall was open and obvious is anaffirmative defense, on which it bears the ultimate burden of proof. SeeEx parte Neese, 819 So.2d 584 (Ala. 2001); Furgerson v. Dresser Indus.,Inc., 438 So.2d 732, 734 (Ala. 1983); see also Hale v. Sequoyah Caverns Campgrounds, Inc., 612 So.2d 1162, 1165 (Ala. 1992) ("the traditional common-law `open and obvious danger' defense . . . completely bars recovery if the danger is known by, or is obvious to, the plaintiff") (Hornsby, C.J., concurring in the result); Vick v. H.S.I.Mgmt., Inc., 507 So.2d 433, 435 (Ala. 1987) ("`[T]he evidence, including evidence bearing on the defense of "open and obvious danger," viewed in light of the applicable substantive law, presents genuine issues of fact.'"); Coggin v. Starke Bros. Realty Co., 391 So.2d 111, 113 (Ala. 1980); Ford v. Bynum Livestock Comm'n Co., 674 So.2d 600, 603
(Ala.Civ.App. 1995) ("dispositive issue [is] whether *Page 1195 
the evidence conclusively showed that [the plaintiff] knew of, and appreciated, a dangerous condition so as to give rise to the `open and obvious danger' defense").
Only "`[w]hen there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law'" is a summary judgment proper. Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 445
(Ala. 1999) (quoting Bechtel v. Crown Central Petroleum Corp.,495 So.2d 1052, 1053 (Ala. 1986)). "`If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate.'" Id.
Moreover, "`[t]he manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial.'" Exparte General Motors Corp., 769 So.2d 903, 909 (Ala. 1999) (quoting Bernerv. Caldwell, 543 So.2d 686, 691 (Ala. 1989) (Houston, J., concurring specially)). If, as is the case when the movant is the defendant asserting an affirmative defense, "`the movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the material specified in Rule 56(c), [Ala.] R. Civ. P. ("pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits").'" 769 So.2d at 909. "`The movant's proof must be such that he would be entitled to a directed verdict if this evidence was not controverted at trial.'" Id. In other words, "when the movant has the burden [of proof at trial], its own submissions in support of the motion must entitle it to judgment as a matter of law." Albee Tomato, Inc. v.A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998) (emphasis added). See also Equal Employment Opportunity Comm'n v. UnionIndependiente de la Autoridad de Acueductos y Alcantarillados de PuertoRico, 279 F.3d 49 (1st Cir. 2002); Rushing v. Kansas City Southern Ry.,185 F.3d 496 (5th Cir. 1999); Fontenot v. Upjohn Co., 780 F.2d 1190 (5th Cir. 1986); Calderone v. United States, 799 F.2d 254 (6th Cir. 1986). Whether a condition is open and obvious is generally a question for the jury. Howard v. Andy's Store for Men, 757 So.2d 1208, 1211 (Ala.Civ.App. 2000).
Thus, Mercantile states the respective burdens backwards. More properly stated, Mercantile must "establish that Mrs. Denmark was [not] ignorant or should [not] have been ignorant of the condition she alleges to have been dangerous." Mercantile's Brief, at 22. This it did not do. The mere testimony of the Denmarks' children that Mrs. Denmark could have seen the roll of bags under certain circumstances does not satisfy Mercantile's burden of proof on its affirmative defense. This is especially true in light of evidence indicating that Mercantile had superior knowledge ofthe location of the roll of bags.
Indeed, the record contains the deposition testimony of Brian Hastings, Mercantile's "loss-prevention specialist," who stated that the roll on which Mrs. Denmark allegedly tripped would "[n]ormally . . . be on a pole," designed to hold the rolls beside the checkout stand, and that the "stock boys" or "receiving crews" were "mostly" responsible for placing the roll on the spool. By contrast, there was no evidence indicating that Mrs. Denmark knew the roll existed or that she expected it to be in the area in which she was shopping.
 III. Conclusion
For these reasons, the trial court erred in entering the summary judgment for Mercantile. That judgment is reversed, *Page 1196 
and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Houston, Lyons, Johnstone, and Harwood, JJ., concur.
Moore, C.J., and Brown and Stuart, JJ., dissent.
[1] The correct names of these entities and their precise relationships are not clear from the record. These obscurities are, however, of no consequence to this opinion.