Barbara Ann Horne and Michael T. Horne appeal from the summary judgment for Gregerson's Foods, Inc. ("Gregerson's"). We reverse and remand.
On May 15, 2000, the Hornes sued Gregerson's seeking compensatory and punitive damages. The Hornes alleged that Gregerson's had acted negligently and wantonly by allowing water to collect on its floor, which, the Hornes say, caused Barbara to slip and fall; the complaint also contained a count in which Michael alleged a loss of consortium. On May 25, 2000, Gregerson's filed an answer to the Hornes' complaint. On April 3, 2001, Gregerson's filed a motion for a summary judgment and supporting brief to which caselaw and portions of Barbara's deposition testimony *Page 174 
were attached as exhibits. Gregerson's argued that it did not have notice that the water was on the floor and that it was not liable for Barbara's injuries because, it argued, Barbara was aware of the water on the floor. On June 22, 2001, the Hornes filed a response to Gregerson's motion for a summary judgment; they attached portions of Barbara's deposition testimony as an exhibit. The Hornes contended that the water on the floor was caused by a Gregerson's employee packing ice in the produce bins, that Gregerson therefore had notice of the condition, and that Barbara did not realize the water was on the floor until she was standing in it. On September 20, 2001, the trial court entered a summary judgment for Gregerson's without stating any specific findings.
On October 11, 2001, the Hornes filed a motion to reconsider; attached to the motion as exhibits were an affidavit by Barbara, portions of the deposition testimony of her and David Dewberry, Gregerson's produce manager, and caselaw. On November 13, 2001, the Hornes supplemented their motion. The trial court never ruled on the Hornes' postjudgment motion. On February 21, 2002, the Hornes filed a notice of appeal. On March 27, 2002, this case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, the Hornes argue that the trial court erred by entering a summary judgment for Gregerson's because, they say, Barbara was attempting to remove herself from the water on the floor, which, she says, she did not notice until she was standing in it, and which was present because of a Gregerson's employee packing its produce bins with ice. Our review of a summary judgment is de novo.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala. 1995); Rule 56(c), Ala. R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997).
 I. Notice
The first ground Gregerson's asserted in support of its motion for a summary judgment was that it did not have notice that the water was on the floor. In their brief to this court, the Hornes contend that Gregerson's had notice of the water on the floor because its employee caused the water to be there as a result of packing ice in its produce bins. In Denmark v. Mercantile Stores Co., 844 So.2d 1189 (Ala. 2002), our supreme court observed: *Page 175 
 "A store owner's duty is well-established. That duty is `to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.'" Maddox v. K-Mart Corp., 565 So.2d 14, 16
(Ala. 1990). Consequently, injured `plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury.' Id. Where, however, "``the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume
notice.''" Wal-Mart Stores, Inc. v. Rolin, 813 So.2d 861, 864 (Ala. 2001) (emphasis added) (quoting Wal-Mart Stores, Inc. v. McClinton, 631 So.2d 232, 234 (Ala. 1993), quoting in turn Joseph A. Page, The Law of Premises Liability § 7.11 at 169 (2d ed. 1988)). See also Mims v. Jack's Restaurant, 565 So.2d 609
(Ala. 1990). This Court has held that where a shopper trips over merchandise protruding from a box that is part of a `barbeque grill display' evidently arranged by store employees, the store owner's knowledge of a hazardous condition is presumed. Rolin, 813 So.2d at 865.
 "The procedure on a summary-judgment motion is equally well-established. `On a motion for a summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law.' Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker Lowther, P.C., 703 So.2d 866, 868 (Ala. 1996); Rule 56, Ala.R.Civ.P. See McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992). Thus, `[t]he burden to present evidence that will establish a genuine issue of material fact does not shift to the nonmovant unless the movant [first] satisfies its burden.' O'Barr v. Oberlander, 679 So.2d 261, 263 (Ala.Civ.App. 1996)."
844 So.2d at 1192-93.
In support of its motion for a summary judgment, Gregerson's failed to present any evidence indicating that the water on the floor was not caused by its own employee packing its produce bins with ice. Thus, the burden never shifted to the Hornes to present evidence to create a genuine issue of material fact as to this issue, and we must presume that Gregerson's had notice of the water on the floor. Accordingly, Gregerson's would not be due a summary judgment based on its lack of notice of the dangerous condition created by the presence of water on the floor.
 II. Open and Obvious Danger
Gregerson's second ground in support of its motion for a summary judgment was that Barbara saw the water on the floor before she slipped and fell. While Barbara did state that she saw the water on the floor in her deposition testimony attached in support of Gregerson's motion for a summary judgment, she also stated that when she first saw the water she was already standing in it. She further stated that she slipped and fell once she attempted to step out of the water. Therefore, the evidence presented in support of Gregerson's motion for a summary judgment does not present a scenario in which Barbara saw the water, attempted to navigate around it, and then fell, as it attempts to suggest. See Prince v.Wal-Mart Stores, *Page 176 Inc., 804 So.2d 1102, 1105 (Ala.Civ.App. 2001) (summary judgment was due to be entered for premises owner when plaintiff testified that "he carefully navigated around the open and obvious obstacle").
In Denmark, supra, the supreme court also stated:
 "A condition is `open and obvious' when it is `known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care.' Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980). `The entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger which causes the [customer's] injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the [store owner] cannot be held liable.' Id. (citation omitted)."
 "In this connection, Mercantile argues: `To prevail, . . . the Plaintiffs must also establish that Mrs. Denmark was ignorant or should have been ignorant of the condition she alleges to have been dangerous.' Mercantile's Brief, at 22. However, Mercantile's argument that the condition that caused Mrs. Denmark's fall was open and obvious is an affirmative defense, on which it bears the ultimate burden of proof. See Ex parte Neese, 819 So.2d 584 (Ala. 2001); Furgerson v. Dresser Indus., Inc., 438 So.2d 732, 734 (Ala. 1983); see also Hale v. Sequoyah Caverns Campgrounds, Inc., 612 So.2d 1162, 1165 (Ala. 1992) (`the traditional common-law "open and obvious danger" defense . . . completely bars recovery if the danger is known by, or is obvious to, the plaintiff') (Hornsby, C.J., concurring in the result); Vick v. H.S.I. Mgmt., Inc., 507 So.2d 433, 435 (Ala. 1987) ("`[T]he evidence, including evidence bearing on the defense of `open and obvious danger,' viewed in light of the applicable substantive law, presents genuine issues of fact.'"); Coggin v. Starke Bros. Realty Co., 391 So.2d 111, 113 (Ala. 1980); Ford v. Bynum Livestock Comm'n Co., 674 So.2d 600, 603
(Ala.Civ.App. 1995) (`dispositive issue [is] whether the evidence conclusively showed that [the plaintiff] knew of, and appreciated, a dangerous condition so as to give rise to the "open and obvious danger" defense').
 "Only "`[w]hen there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law'" is a summary judgment proper. Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 445 (Ala. 1999) (quoting Bechtel v. Crown Central Petroleum Corp., 495 So.2d 1052, 1053 (Ala. 1986)). "`If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate.'" Id.
 "Moreover, "`[t]he manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial.'" Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala. 1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989) (Houston, J., concurring specially)). If, as is the case when the movant is the defendant asserting an affirmative defense, "`the movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the material specified in Rule 56(c), [Ala.] R.Civ.P. (`pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits').'" 769 So.2d at 909. "`The movant's proof must be such that he would be entitled to a directed verdict if this evidence was not controverted at trial.'" Id. In other words, `when the movant has the burden [of proof at trial], *Page 177 
its own submissions in support of the motion must entitle it to judgment as a matter of law.' Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998) (emphasis added). See also Equal Employment Opportunity Comm'n v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, 279 F.3d 49 (1st Cir. 2001); Rushing v. Kansas City Southern Ry., 185 F.3d 496 (5th Cir. 1999); Fontenot v. Upjohn Co., 780 F.2d 1190 (5th Cir. 1986); Calderone v. United States, 799 F.2d 254
(6th Cir. 1986). Whether a condition is open and obvious is generally a question for the jury. Howard v. Andy's Store for Men, 757 So.2d 1208, 1211
(Ala.Civ.App. 2000)."
844 So.2d at 1194-95.
The evidentiary submission in support of Gregerson's claim that the water on the floor was an open and obvious danger was Barbara's deposition testimony that she saw the water before she slipped. However, as previously stated, Barbara also testified that she did not see the water until she was standing in it. Gregerson's thus failed to meet its burden on its summary-judgment motion in that there remains a genuine issue as to whether the water on the floor was open and obvious. The trial court's judgment is reversed, and this cause is remanded for the trial court to proceed in a manner consistent with this opinion.
REVERSED AND REMANDED.
Yates, P.J., and Thompson and Pittman, JJ., concur.