Faye Hall sued Dolgencorp, Inc. ("Dolgencorp"), which owns and operates Dollar General Store discount stores, alleging negligence and wantonness after the contents of a bottle of liquid drain cleaner spilled onto her face from a shelf in the Dollar General Store in Marion. At trial, at the close of Hall's case-in-chief, Dolgencorp filed a motion for a judgment as a matter of law ("JML") as to Hall's negligence and wantonness claims. The trial court granted Dolgencorp's motion as to the wantonness claim, but it denied the motion as to the negligence claim. At the close of all of the evidence, Dolgencorp renewed its motion for a JML as to Hall's negligence claim, and the trial court again denied the motion. The jury returned a $100,000 general verdict for Hall, and Dolgencorp appeals. We reverse and remand.
 Facts
The evidence at trial revealed the following facts. On April 2, 1998, Hall went to a Dollar General Store to find a household item. As she was looking for the item, she noticed a musical instrument on a top shelf. Someone said, "Excuse me" and stepped in front of Hall. Hall stepped back. When she stepped forward and looked up toward the instrument on the top shelf, a liquid substance fell in her face, getting in her nose, mouth, and eyes. She called for help because her face was burning. Ruth Johnson, a Dollar General Store assistant manager, helped get Hall to the bathroom so Hall could wash her face. Johnson noticed that Hall's lips, face, and arm were burned. After the paramedics arrived and treated Hall, Johnson went to the area where the incident occurred and found a bottle of liquid drain cleaner lying on a shelf; the top to the bottle was on the shelf beside the bottle. She also saw that there was liquid from the bottle on the shelf and running down the side of the shelf. Johnson had not seen the bottle of liquid drain cleaner on the shelf when she inspected the store the *Page 100 
night before and again at 8:30 that morning. The shelf where the bottle was was not the shelf where the liquid drain cleaners were ordinarily kept.
Sandra Ingram, the store manager, testified that on the day of the incident, the employees had conducted "recovery," which included checking the shelves for bottles with loose caps, at 8:30 a.m. The incident involving Hall occurred at 11:30 a.m. Dollar General Store employees had noticed that bottles sometimes arrived at the store with loose caps. In addition, the employees speculated that vandals or careless customers left the caps loose on some bottles already on the shelves. Ingram testified that the store had only two employees[1] working at any one time because it did not have the money to hire more employees. She testified that if she had more employees, she would have had them doing "recovery" more often.
 Standard of Review
We review the trial court's denial of Dolgencorp's motion for a JML under the following standard:
 "`We apply the same standard of review to a ruling on a motion for a JML as the trial court used in initially deciding the motion. This standard is "indistinguishable from the standard by which we review a summary judgment."' Alabama Power Co. v. Aldridge, 854 So.2d 554, 560 (Ala. 2002) (quoting Hathcock v. Wood, 815 So.2d 502, 506 (Ala. 2001)). `We must decide whether there was substantial evidence, when viewed in the light most favorable to the plaintiff, to warrant a jury determination.' Id. (citing City of Birmingham v. Sutherland, 834 So.2d 755 (Ala. 2002)). `[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Wal-Mart Stores, Inc. v. Smitherman, 872 So.2d 833, 837 (Ala. 2003).
 Issues
Dolgencorp asserts two issues on appeal. Dolgencorp claims that Hall failed to present any evidence indicating that Dollar General Store had actual knowledge that the bottle of liquid drain cleaner was on the shelf with a loosened or removed cap and further failed to present any evidence indicating that the bottle had been in an improper location for such a length of time that constructive notice of the improper placement should be imputed to Dolgencorp.
 Analysis
A premises-liability case is based upon the following:
 "A store owner's duty is well-established. That duty is `to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.' Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala. 1990). Consequently, injured `plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury.' Id."
Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1192 (Ala. 2002). There was no evidence indicating that the employees of *Page 101 
Dolgencorp created the hazardous condition or that they had actual notice of its existence; therefore, the first issue to be addressed is whether Hall proved that Dolgencorp had constructive notice that the bottle of liquid drain cleaner with a loose cap or no cap was lying on an improper shelf in an area away from the display of such products.
In Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874 (Ala. 1982), the plaintiff testified that at 3:00 p.m. he slipped on a can of food in a grocery store owned by the defendant. He also testified that just before he slipped on the can he had found a soft-drink bottle on the floor in another aisle. The store manager testified that at 12:30 p.m. he had been in the area where the plaintiff fell and had seen nothing on the floor. He also testified that the floor had been swept twice that day, the last time at 11:00 a.m. Also, there were no scuffs or marks on the can that would indicate that it had been on the floor for a long period. This Court stated:
 "There is no evidence in the record whatsoever that the defendant knew the can was on the floor or that the can had been on the floor for such an inordinate length of time as to impute constructive notice. For aught that appears, the can may have been dropped on the floor by another customer only minutes before the plaintiff fell."
418 So.2d at 876. In discussing Cash's case, this Court cited Exparte Travis, 414 So.2d 956 (Ala. 1982),[2] a case in which a plaintiff had slipped on a paper bag and fallen. The bag was dirty and a footprint was impressed upon it. This Court said that that evidence, under the circumstances, was sufficient "to allow the jury to infer that the sack had been on the floor for a sufficient length of time to impute notice to the storekeeper." 418 So.2d at 876. And in a significant statement for future cases, this Court stated: "[Travis] represents the very outer limit to which this Court has gone in upholding a jury verdict for the plaintiff." 418 So.2d at 876. This Court also stated:
 "The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees. Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury."
418 So.2d at 876 (emphasis added). The plaintiff in Logan v.Winn-Dixie, 594 So.2d 83 (Ala. 1992), stepped and fell on a concrete ramp at the entrance to a Winn-Dixie grocery store. The plaintiff then sued Winn-Dixie alleging negligence. At trial, the plaintiff testified that she had stepped on a wet spot, but was unable to identify what had caused her fall. This Court, relying upon Tice v. Tice, 361 So.2d 1051 (Ala. 1978), said that speculation was insufficient to show negligence on the part of the defendant.
Hall relies upon Denmark v. Mercantile Stores Co., supra, in contending that Dolgencorp did not exercise reasonable care in checking its shelves. However, Denmark *Page 102 
is distinguishable because the evidence in that case was undisputed that the garment bags the plaintiff tripped over had been under the control of the defendant's employees and probably had been placed in the wrong location by store employees.Denmark, like Nelson v. Delchamps, Inc., 699 So.2d 1259
(Ala.Civ.App. 1997), involved the creation by the proprietor of the dangerous condition. In Hall's case, the bottle of liquid drain cleaner was clearly not where it should have been. However, there is no evidence indicating that a store employee put the bottle on a high shelf next to the musical instruments or that any employees knew that the liquid drain cleaner was misshelved and that the cap to the bottle was loose or had been removed. Such a conclusion would be mere speculation and therefore insufficient to show negligence on the part of Dolgencorp.Logan, supra.
Johnson testified that she had performed recovery approximately three hours before Hall's accident occurred. The Dollar General Store took responsible action to perform such recoveries on a regular basis, similar to the proprietor in Cash, supra. Also, the manager of the Dollar General Store testified that she would like to have more employees who could perform recovery more often. Hall asks that we interpret this testimony to indicate a lack of an adequate number of employees at this particular Dollar General Store to keep the premises safe. However, the manager's testimony could also mean that she was concerned for the welfare of her customers and that she did all that she was capable of doing to keep the premises safe. The evidence was undisputed that Dollar General Store management and the employees did their best to try and keep the store clear of bottles with loose caps: they checked the caps on bottles as they shelved them and performed periodic recovery to search for loose bottle caps. The fact that Dolgencorp did not have an employee policing every aisle at more frequent intervals does not mean that it was on constructive notice of the hazardous condition that resulted in Hall's injury.
Hall presented no evidence indicating that Dolgencorp, its management, or any of its employees created the dangerous condition or that Dolgencorp, its management, or any of its employees knew or had constructive knowledge of the dangerous condition. Therefore, the trial court erred by not granting Dolgencorp's motion for a JML.[3]
 Conclusion
Hall presented no evidence of an essential element for a premises-liability claim, i.e., that Dolgencorp had actual or constructive notice of the improper placement of the bottle of liquid drain cleaner, the cap to which was loose or had been removed, on one of its shelves. Therefore, we reverse the judgment and remand the case to the trial court for appropriate disposition.
REVERSED AND REMANDED.
SEE, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] Ruth Johnson testified that "on a typical day" three employees would be working at the Dollar General Store.
[2] Travis reviews a number of slip-and-fall cases.
[3] We note that Dolgencorp argues that the trial court erred in instructing the jury as to the issue whether Hall suffered a permanent injury. Because we have determined that the trial court erred in not granting Dolgencorp's motion for a JML, we need not address the question of the appropriateness of the jury instructions. *Page 103