On Application for Rehearing

BRYAN, Judge.
The opinion of January 21, 2011, is withdrawn, and the following is substituted therefor.
Susie M. Price (“Price”), the plaintiff below, appeals from a summary judgment in favor of Macon County Greyhound Park, Inc. (“the Park”), the defendant below. We affirm.
On November 29, 2007, Price sued the Park, alleging that, on April 9, 2007, while she was an invitee on the Park’s premises, she had fallen as a result of some debris on the Park’s asphalt driveway and had suffered injuries. Based on those allegations, she stated claims of negligence and wantonness. Answering, the Park denied liability and asserted as an affirmative defense that the debris that had caused Price to fall was open and obvious.
On July 17, 2009, the Park moved for a summary judgment. The Park asserted that it was entitled to a summary judgment with respect to Price’s negligence claim because, the Park said, (1) the evidence did not establish that the Park had actual or constructive notice of the presence of the debris that had caused Price to fall before she fell and (2) the evidence established that the presence of the debris was open and obvious. The Park asserted that it was entitled to a summary judgment with respect to Price’s wantonness claim because, the Park said, the evidence did not establish that the Park had acted or failed to act with knowledge of the conditions and with a consciousness that its acting or failing to act would likely or probably result in Price’s injury.
Opposing the summary-judgment motion, Price asserted (1) that the evidence did establish that the Park had actual or constructive notice of the presence of the debris before she fell; (2) that, in the alternative, the Park affirmatively created the hazard that caused Price to trip and fall and, therefore, is presumed as a matter of law to have had notice of the presence of the hazard; (3) that the evidence did not establish that the presence of the debris was open and obvious; and (4) that the evidence did establish that the Park had acted or failed to act with knowledge of the conditions and with a consciousness that its acting or failing to act would likely or probably result in Price’s injury. As evidentiary support for her opposition to the Park’s motion, Price relied on her deposition testimony and the affidavit of J. Victor Price.
Price, who was approximately 57 years old when the accident occurred, testified as follows. From 2004 until April 9, 2007, she played bingo at the Park seven days a week. On April 9, 2007, she drove herself and two friends, Patrice Satterwhite and Patricia Rushing, to the Park. They arrived at the Park at approximately 5:30 p.m. when it was still light outside. Price stopped her automobile in the valet-parking area, and she and her friends got out of Price’s automobile and walked from her automobile to the front entrance of the Park’s building. Price was aware that a portion of the Park’s building was being remodeled or constructed. Consequently, Price was careful to look at the ground to make sure she did not step on anything as she walked from her automobile to the front entrance. Walking from her automobile to the front entrance, she did not see anything on the ground that would cause someone to trip and fall. After entering the building, Price, Satterwhite, and Rushing played bingo for approximately three *555 hours and then exited the front entrance of the Park’s building at approximately 8:30 p.m. when it was dark outside. The area outside the front entrance of the Park’s building is not well lighted. Price, Satter-white, and Rushing walked from the front entrance to the valet-parking area, along the same route they had earlier walked when they entered the front entrance from the valet-parking area, and got into Price’s automobile. Price did not have any problem walking from the front entrance to her automobile in the valet-parking area. After getting inside her automobile, Price could not find her cellular telephone, and Satterwhite went back inside the Park’s building to see if she could find it. Price then found her cellular telephone, and the valet-parking attendant told her that she “could pull over a little bit to go back in and get [Satterwhite].” “So [she] pulled [her automobile] over a little bit....” Price then got out of her automobile to go inside to tell Satterwhite that she had found her cellular telephone. Price walked from her automobile toward the front entrance on a route that was “a little bit different” from the route she had earlier walked from her car to the front entrance and from the front entrance to her car; however, she tripped and fell on the asphalt driveway before she reached the sidewalk in front of the front entrance.[1] While she was on the ground, she saw some loose pieces of asphalt. The largest piece of loose asphalt was “three inches large” and the smallest was the size of “a big marble.”
Although the route she was walking when she fell was in an area that was not well lighted, Price was walking normally, instead of looking at the ground, when she fell “because [she] had already done that one time already ... the same afternoon,” “[s]o I wouldn’t be expecting anything to be on the ground.” Finally, Price testified as follows:
“Q. [BY THE PARK’S COUNSEL:] All right. Do you know whether or not Macon County Greyhound Park knew that this piece of gravel that you fell on was out there prior to the time that you fell on it?
“A. I don’t think so.
“Q. Okay.
“A. They usually had people out there cleaning that off.
“Q. All right. And so do you believe that if Macon County Greyhound Park knew that this gravel was out there that they would have cleaned it up?
“A. Yes, sir.”
The affidavit of J. Victor Price stated:
“My name is J. Victor Price and I am over the age of 19 years and a resident citizen of the State of Alabama. Over the past several years, I have been a frequent visitor to Macon County Greyhound Park in Shorter, Alabama. I know of my own personal knowledge that the casino at Macon County Greyhound Park was undergoing extensive construction and renovation in 2007, including the date of April 9, 2007. During this period of time, it was not unusual to see loose gravel, rocks and clumped asphalt in the area where the asphalt parking lot abuts the concrete apron near the main entrance to the casino.”
Following a hearing, the trial court entered an order granting the summary-judgment motion on February 18, 2010, without stating its rationale for that ruling. *556 Price timely appealed to the supreme court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
“We review a summary judgment de novo. American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala.2002).
“ ‘We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the non-movant to present substantial evidence creating a genuine issue of material fact. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.’
“Nationwide Prop. & Cas. Ins. Co. [v. DPF Architects, P.C.], 792 So.2d [369] at 872 [ (Ala.2001) ] (citations omitted), quoted in American Liberiy Ins. Co., 825 So.2d at 790.”
Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala.2002).
Price first argues that the trial court erred in granting the Park’s summary-judgment motion with respect to her negligence claim because, she says, (1) the evidence established that the Park had created the hazard that caused her to trip and fall and, therefore, is presumed as a matter of law to have had notice of the presence of that hazard and (2) the evidence did not establish that the presence of that hazard was open and obvious.
Price cites Denmark v. Mercantile Stores Co., 844 So.2d 1189 (Ala.2002), in support of her argument that the Park is presumed as a matter of law to have had notice of the presence of the hazard that caused her to trip and fall. In Denmark, Genevieve Denmark, while a customer in a store owned by Mercantile Stores Co. (“Mercantile”), tripped over a roll of garment bags located on the floor in a display area of the store. The evidence indicated “that the roll of garment bags over which Denmark tripped was under the custody and control of Mercantile and had been placed in the display area by a Mercantile employee.” 844 So.2d at 1194 (some emphasis in original; some emphasis added). Reversing a summary judgment in favor of Mercantile, the supreme court stated:
“A store owner’s duty is well-established. That duty is ‘to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers.’ Maddox v. K-Mari Corp., 565 So.2d 14, 16 (Ala.1990). Consequently, injured ‘plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury.’ Id. Where, however, ‘ “ ‘the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.’ ” ’ Wal-Mart Stores, Inc. v. Rolin, 813 So.2d 861, 864 (Ala.2001) (emphasis added) (quoting Wal-Mart Stores, Inc. v. *557 McClinton, 631 So.2d 232, 234 (Ala.1993), quoting in turn Joseph A. Page, The Law of Premises Liability § 7.11 at 169 (2d ed.1988)). See also Mims v. Jack’s Restaurant, 565 So.2d 609 (Ala.1990). This Court has held that where a shopper trips over merchandise protruding from a box that is part of a ‘barbeque grill display’ evidently arranged by store employees, the store owner’s knowledge of a hazardous condition is presumed. Rolin, 813 So.2d at 865.”
844 So.2d at 1192.
However, a significant distinction exists between Denmark and the case now before us. In Denmark, there was evidence indicating that the hazard that caused the plaintiffs fall, i.e., the roll of garment bags, was in the custody and control of the store and had been placed in the location where the plaintiff tripped over it by a store employee. In the case now before us, however, there is no comparable evidence establishing that the Park or someone acting under the direction and control of the Park created the hazard that caused Price’s fall. J. Victor Price’s testimony that it was not unusual to see clumped asphalt in the parking lot while the construction or remodeling work was being performed does not establish that the construction or remodeling work produced the clumped asphalt. Neither J. Victor Price nor any other witness testified that he or she had observed the construction workers tearing up the existing asphalt driveway or producing loose pieces of asphalt in any other way. For all that appears in the record, the loose pieces of asphalt that caused Price to fall could have resulted from the wear and tear on the driveway caused by traffic driving over it. Moreover, even if there was evidence indicating that the construction workers were tearing up the asphalt driveway or producing loose pieces of asphalt in some other way, there is no evidence indicating that the construction workers or anyone else acting under the direction and control of the Park placed the loose pieces of asphalt in the particular location where Price tripped and fell over them. “[T]he doctrine of res ipsa loquitur is not applicable to slip and fall cases.” Riverview Reg’l Med. Ctr., Inc. v. Williams, 667 So.2d 46, 48 (Ala.1995). Consequently, evidence establishing that Price tripped and fell over the loose pieces of asphalt on the Park’s premises does not establish that the Park or someone acting under the direction and control of the Park placed them in the particular location where she tripped and fell over them. See Dolgencorp, Inc. v. Hall, 890 So.2d 98 (Ala.2003). In Dolgencorp, a customer of a store was injured when the contents of a bottle of liquid drain cleaner spilled onto her face from a shelf in the store. After the accident, a bottle of liquid drain cleaner was found lying on the shelf; the top to the bottle was on the shelf beside the bottle. The shelf where the bottle was found was not the shelf where liquid drain cleaners were ordinarily kept. There was no direct evidence indicating that the store’s employees had placed the bottle on the shelf where it was found. The supreme court held that the mere fact that the bottle was on the shelf was insufficient to establish that the store’s employees had placed it there or knew that it was there:
“[T]he bottle of liquid drain cleaner was clearly not where it should have been. However, there is no evidence indicating that a store employee put the bottle on a high shelf next to the musical instruments or that an employee knew that the liquid drain cleaner was misshelved and that the cap to the bottle was loose or had been removed. Such a conclusion would be mere speculation and therefore insufficient to show negligence on the part of [the store]. Logan [v. Winn-Dixie, 594 So.2d 83 (Ala.1992) ].”
*558 890 So.2d at 102. Accordingly, we conclude that Price failed to produce substantial evidence indicating that the Park created the hazard that caused her to fall and thus failed to make a prima facie showing that the Park is presumed to have had notice of that hazard.
Because she did not prove that the Park created the hazard that caused her to fall, Price was required to produce substantial evidence indicating that the Park had actual or constructive notice of that hazard before she fell. See Denmark, supra. However, Price has not argued on appeal that she produced such evidence. Consequently, she has waived that argument, see Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”), and the summary judgment with respect to Price’s negligence claim is due to be affirmed on the ground that she failed to produce substantial evidence indicating that the Park had actual or constructive notice of the hazard that caused her to fall. Moreover, because the summary judgment is due to be affirmed on that ground, Price’s argument that the hazard that caused her to fall was not open and obvious is moot. Accordingly, we affirm the summary judgment in favor of the Park with respect to Price’s negligence claim.
Price next argues that the trial court erred in granting the Park’s summary-judgment motion with respect to her wantonness claim. In Ex parte Essary, 992 So.2d 5, 9 (Ala.2007), the supreme court stated:
“ ‘Wantonness’ has been defined by this Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994). To constitute wantonness, it is not necessary that the actor know that a person is within the zone made dangerous by his conduct; it is enough that he knows that a strong possibility exists that others may rightfully come within that zone. Joseph v. Staggs, 519 So.2d 952, 954 (Ala.1988). Also, it is not essential that the actor should have entertained a specific design or intent to injure the plaintiff, only that the actor is ‘conscious’ that injury will likely or probably result from his actions. Id. ‘Conscious’ has been defined as ‘ “perceiving, apprehending, or noticing with a degree of controlled thought or observation: capable of or marked by thought, will, design, or perception” ’; ‘ “having an awareness of one’s own existence, sensations, and thoughts, and of one’s environment; capable of complex response to environment; deliberate.” ’ Berry v. Fife, 590 So.2d 884, 885 (Ala.1991) (quoting Webster’s New Collegiate Dictionary 239 (1981) and The American Heritage Dictionary of the English Language 283 (1969), respectively).”
In the case now before us, Price did not present any evidence from which it can be inferred that the Park knew of the existing conditions, i.e., the presence of the particular debris that caused Price to fall in the location where she fell. Consequently, the trial court did not err in granting the Park’s summary-judgment motion with respect to Price’s wantonness claim.
APPLICATION GRANTED; OPINION OF JANUARY 21, 2011, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Price’s principal brief states:
"While it is true that Ms. Satterwhite noted that there was trash around the entrance when they arrived and exited the main entrance from the valet parking area, this was not the same place where Ms. Price fell and was a little further down."
(Emphasis added.)