PITTMAN, Judge.
*86 This appeal arises from a domestic-relations action brought in the Tallapoosa Circuit Court by Nancy T. Walters ("the former wife") against James Mitchell Walters ("the former husband"). In her complaint, entitled "Former Wife's Petition to Modify and Motion to Compel," the former wife asserted that a judgment divorcing the parties should be modified and enforced by the trial court so as to direct the former husband to compensate the former wife based upon the provisions of two paragraphs appearing in a settlement agreement between the parties, which was apparently incorporated into the divorce judgment, addressing the former wife's right to receive particular portions of the former husband's ownership interest in a particular business entity referred to as "ERTH" and to receive a "dollar for dollar" increase in payments stemming from the former husband's receipt of increased disability benefits from the United States Department of Veterans Affairs ("VA"). The former husband answered the complaint, asserting affirmative defenses, such as accord and satisfaction, and specifically denying that the increase in his VA disability benefits was a divisible marital asset; he also asserted a counterclaim in which he averred (1) that the parties had reached a subsequent agreement that had superseded the provisions of the parties' settlement agreement incorporated into the judgment divorcing the parties that the former wife was relying upon and (2) that the former wife was in contempt of court for purportedly having failed to comply with three other provisions of the settlement agreement.
The former wife served discovery requests seeking interrogatory responses and production of documents in May 2015; subsequently, she moved to compel responses to those requests, which motion the trial court denied because she had failed to show that she had complied with that portion of Rule 37, Ala. R. Civ. P., requiring efforts to resolve discovery disputes between opposing parties before resorting to judicial intervention. Notwithstanding that order, and six days after new counsel had appeared for the former husband, the former wife moved for a summary judgment based upon her not having received discovery responses, requesting that part of the relief she had requested regarding the former husband's VA disability benefits be granted and that an award of attorney fees be made. The former wife's summary-judgment motion, which did not address the pending counterclaims, was not supported by a narrative summary of undisputed facts as required by Rule 56(c)(1), Ala. R. Civ. P., or by any "supporting documents" containing evidence tending to corroborate the former wife's averments; rather, it appears to have sought the entry of a summary judgment as a sanction for the former husband's having failed to respond to discovery (cf. Rule 37(d), Ala. R. Civ. P., listing potential discovery sanctions but omitting entry of a summary judgment as an available sanction). The trial court entered an order granting the former wife's summary-judgment motion on November 3, 2015; however, after the former husband had responded to the discovery requests, the former wife filed a motion to withdraw her summary-judgment motion and for the parties to be directed to engage in mediation. The former wife's motion was summarily granted, apparently vacating the partial summary judgment (see *87 Rule 54(b), Ala. R. Civ. P., addressing the jurisdiction of trial courts to modify or vacate orders not adjudicating all claims as to all parties), although the ensuing mediation was reported to have been unsuccessful.
In May 2016, the former wife again filed a motion for a summary judgment on her claim that the former husband was due to pay her additional sums stemming from his receipt of increased VA disability benefits. The former wife averred in her motion that the parties had divorced in June 2005; that the parties had reached a settlement agreement in connection with that action under which, the former wife alleged, she "would receive a dollar-for-dollar increase in her alimony in the event [the former husband] received increased benefits from the [VA]" (emphasis added); that the former husband's VA disability benefits had increased on two occasions in 2009; that the former wife was, therefore, entitled to an award of $255,108; that the former wife was to receive 50% of the proceeds from the sale of ERTH under the settlement agreement; that the former husband had not sold his interest in that business entity; and that the former wife was entitled to the value of one-half of the former husband's interest in that entity as of the date of the divorce. That summary-judgment motion, like the previous summary-judgment motion filed by the former wife, did not address the pending counterclaims, was not supported by a narrative summary of undisputed facts as required by Rule 56(c)(1), Ala. R. Civ. P., and did not rely upon any "supporting documents" containing evidence tending to corroborate the former wife's averments.[1]
The former wife subsequently filed a motion seeking a finding of contempt as to the former husband's alleged failures or refusals to comply with the settlement agreement; a brief addressing the former wife's claims that contained a four-paragraph "Statement of the Case" that cited no evidence of record; and a second motion seeking a favorable ruling on her previously filed summary-judgment motion. The former husband responded with a brief asserting, among other things, that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, exempted his VA disability benefits from division incident to a divorce judgment and that he had complied with the provision of the settlement agreement addressing his business-entity interest.
After the parties had exchanged replies to each other's submissions, the trial court held a hearing on the former wife's summary-judgment motion, at which counsel for each party presented oral arguments. At the close of that hearing, the trial court solicited draft judgments from each party's counsel. On June 14, 2017, the trial court, "[u]pon consideration of the briefs and pleadings submitted by counsel, their arguments at the hearing [on the summary-judgment motion], and the [f]ormer [w]ife's response to the [trial court's] order to submit recommended damages," entered a judgment granting much of the relief requested by the former wife. Specifically, the trial court's judgment awarded the former wife a lump sum of $135,150 and $1,011 per month representing accumulated and anticipated additional VA disability benefits payable to the former husband since 2009, as well as $10,000 representing the former husband's interest in ERTH at the time of the divorce, and denied all other relief that had been requested by the parties.
The former husband filed a postjudgment motion, pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the judgment, asserting, among other *88 things, that the award of the additional VA disability benefits was illegal, that the former wife had already received one-half of the former husband's ERTH ownership interest such that the $10,000 award as to that claim was improper and unsupported by the evidence, and that the counterclaims of the former husband had been improperly adjudicated on their merits without a valid evidentiary basis. Although the former husband requested a hearing on that postjudgment motion, the trial court denied the motion without holding a hearing.
The former husband appealed to this court. He contends on appeal that the trial court erred in entering the summary judgment in favor of the former wife, asserting that, among other things, the former wife failed to meet the burden of demonstrating that no genuine issue of material fact exists. The former husband also claims that the failure to hold a hearing on his postjudgment motion was reversible error.
"The procedure on a summary-judgment motion is ... well-established. 'On a motion for a summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law.' Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker & Lowther, P.C., 703 So.2d 866, 868 (Ala. 1996) ; Rule 56, Ala. R. Civ. P. See McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992). Thus, '[t]he burden to present evidence that will establish a genuine issue of material fact does not shift to the nonmovant unless the movant [first] satisfies its burden.' O'Barr v. Oberlander, 679 So.2d 261, 263 (Ala. Civ. App. 1996).
"....
"Moreover, ' "[t]he manner in which the movant's burden of production is met depends upon which party has the burden of proof ... at trial." ' Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala. 1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989) (Houston, J., concurring specially) ). If ... ' "the movant has the burden of proof at trial, the movant must support [a summary-judgment] motion with credible evidence, using any of the material specified in Rule 56(c), [Ala.] R. Civ. P. ('pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits')." ' 769 So.2d at 909. ' "The movant's proof must be such that he would be entitled to a [judgment as a matter of law] if this evidence was not controverted at trial." ' Id. In other words, 'when the movant has the burden [of proof at trial], its own submissions in support of the motion must entitle it to judgment as a matter of law.' Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998) (emphasis added)."
Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1192-95 (Ala. 2002).
In this case, as we have noted, the former wife's May 2016 summary-judgment motion, which was pending at the time the trial court entered its judgment, was not accompanied by a narrative summary of undisputed facts "supported by specific references to pleadings, portions of discovery materials, or affidavits," as is required by Rule 56(c)(1), Ala. R. Civ. P. Although that omission does not, in and of itself, mandate a conclusion of reversible error as to the resulting judgment because, in this case, the former husband did not object to that omission in the trial court, see T.S. v. E.J., 976 So.2d 497, 500 n.3 (Ala. Civ. App. 2007), the record nonetheless reflects no effort on the part of the former wife to make any affirmative attempt to adduce evidence to show that the *89 former husband had not complied with the two portions of the settlement agreement upon which she relied.[2] The former wife, as the party with the burden of proof at trial on her claims for relief stemming from the former husband's alleged receipt of additional VA disability benefits and noncompliance with the requirement pertaining to the ERTH business entity, failed to show that she was entitled to a judgment as a matter of law, as Denmark requires. Further, as to the former husband's counterclaims, the former wife's filings are simply silent, adducing no affirmative evidence negating any element of any of the former husband's claims, and it is hornbook law that "[a] summary-judgment movant does not discharge [an] initial burden to challenge the sufficiency of the evidence of a nonmovant's claim by simply ignoring the claim." White Sands Grp., LLC v. PRS II, LLC, 998 So.2d 1042, 1055 (Ala. 2008).
Because the former wife failed to make a prima facie showing, based upon "the pleadings, depositions, answers to interrogatories, ... admissions on file, [and] ... affidavits" (see Rule 56(c)(3), Ala. R. Civ. P.), that she was entitled to a summary judgment as to any of the claims and counterclaims asserted in the civil action giving rise to the former husband's appeal, we reverse the trial court's summary judgment and remand the cause for further proceedings consistent with this opinion.[3] In reversing, we would refer the parties and the trial court to our recent decision in Brown v. Brown, 260 So.3d 851 (Ala. Civ. App. 2018), which discusses the effect of the holding of the United States Supreme Court in Howell v. Howell, --- U.S. ----, 137 S.Ct. 1400, 197 L.Ed.2d 781 (2017), upon domestic-relations jurisprudence governing direct and indirect claims under state domestic-relations laws based upon changes in VA disability pay received by retired members of the armed services of the United States.
The former husband's request for the award of attorney's fees on appeal is granted in the amount of $2,500.
REVERSED AND REMANDED.
Thomas, Moore, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.

Although the former wife cited in that motion to "Exhibit 1," there is no indication in the record on appeal that any exhibit was actually filed with the motion.

The judgment divorcing the parties does not appear in the appellate record; however, there is authority for the proposition that the trial court could have taken judicial notice of that judgment. See, e.g., Williams v. Williams, 91 So.3d 56, 60 (Ala. Civ. App. 2012) (indicating that a trial court could take judicial notice of pleadings and other materials in a related domestic-relations action involving the same parties).

Because we are reversing the trial court's judgment on the basis stated, we pretermit consideration of the former husband's argument that the trial court's failure to conduct a hearing on his postjudgment motion warrants reversal. See Hull v. Hull, 887 So.2d 904, 910 (Ala. Civ. App. 2003).