SHORES, Justice.
Winn-Dixie Montgomery, Inc., appeals from a judgment in favor of the plaintiffs in a personal injury case. We affirm.
On July 19, 1982, Marion Weeks and her 2x/2-year-old son, Matthew, stopped at the Winn-Dixie grocery store at 17th and Noble Streets in Anniston. After selecting a few items, Mrs. Weeks decided she needed a shopping cart. She saw an empty cart near the produce section and placed Matthew in it. She pushed the cart through the store and the only unusual thing she noticed about the cart was that the wheels made a loud noise and were “wobbly.” She arrived at the check-out counter and placed the cart in line behind one customer. She left the cart to get some napkins from a display about six feet from the cart. While she was away, Matthew tried to reach candy in a display rack adjacent to the check-out counter, and as he did so the shopping cart tilted over and his left cheek was impaled on an allegedly broken wire sticking up on the candy rack. He required several stitches, and plastic surgery will be necessary to remove the scar.
This lawsuit followed.
The case was submitted to the jury on one count charging negligence and on another charging wantonness. The jury returned a verdict for the minor for $10,000 “plus when the plaintiff turns age nineteen, if plastic surgery is deemed necessary, Winn-Dixie will be held responsible for payment of said surgery.” The jury returned a verdict for the mother for *1211 $2,500 “plus doctor’s costs and reimbursement for time out of work.”
Upon receipt of these verdicts, the trial court again instructed the jury on damages allowable under the applicable law. The jury retired and returned a general verdict in favor of the minor in the sum of $15,000 and for the mother in the sum of $2,750.
On appeal, Winn-Dixie frames the issue as follows: Did the trial court err in submitting the case to the jury, “when there was no evidence showing how long the alleged defect existed or that the defendant was aware, or should have been aware, of the alleged defect”? Stated differently, Winn-Dixie’s argument is that the trial court erred in refusing to direct a verdict in its favor on both the negligence and the wantonness counts. We cannot agree.
Matthew and his mother were business invitees in the Winn-Dixie grocery store. The duty owed them by Winn-Dixie was to keep the premises reasonably safe for customers. Questions of whether the shopping cart and candy rack were defective, and, if so, whether they had been so for such a period of time that Winn-Dixie should have discovered the defects, were properly left to the jury. Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So. 2d 274 (1953); First National Bank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284 (1955); Hill Grocery Co. v. Hameker, 18 Ala.App. 84, 89 So. 850 (1921); Western Railway of Alabama v. Still, 352 So.2d 1092 (Ala.1977).
The evidence in this case was susceptible of several inferences. One inference that could be drawn by a jury was that the cart provided was defective, and that the defect caused it to collapse when a child tried to reach candy placed within a child’s reach at the check-out counter. The child was injured by a sharp wire alleged to be protruding to weigh the evidence and reach conclusions on the fact questions as it saw fit under the circumstances of this case. F.W. Woolworth v. Kirby, 293 Ala. 248, 302 So.2d 67 (1974).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS, and STEAGALL, JJ., concur.