The plaintiff, Betty G. Mims, appeals from a summary judgment entered in favor of the defendant, Jack's Restaurant, in an action for negligence. For the reasons set out below, we reverse and remand.
 FACTS
On April 30, 1988, at 9:00 a.m., Betty Mims and a friend, Charles Madison, went to Jack's Restaurant ("Jack's"), operated by the defendant, for breakfast. Ms. Mims entered Jack's through the double glass doorway, ordered breakfast, ate, and started to leave. Mr. Madison walked out first *Page 610 
and held one of the doors open for Ms. Mims. As she crossed the threshold, she said, the toe of her left shoe struck a raised groove in the threshold. She tripped on the metal threshold, slipped on the concrete sidewalk outside the doorway, and fell. She said she did not see any type of substance on the sidewalk that caused her to slip. As a result of the fall, Ms. Mims injured her right ankle.
Mr. Madison testified that at the time of the incident the metal threshold was loose and some screws were missing. Ms. Mims stated that she had no knowledge of the condition of the threshold.
The store manager, Ronald Raney, arrived at Jack's at 10:30 a.m., approximately 30 minutes after Ms. Mims's fall. He said he inspected the area and found no slippery substances on the floor or sidewalk. Mr. Raney stated that the threshold was in its normal or usual condition and that no other incidents involving the threshold had been reported.
In order to get a summary judgment reversed, the appellant must show that there was substantial evidence from which a jury could find that a genuine issue of material fact existed. See Rule 56(c), A.R.Civ.P.; Berner v. Caldwell, 543 So.2d 686 at 688 (Ala. 1989). All reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. Cox v. Western Supermarkets, Inc.,557 So.2d 831 (Ala. 1989); Kizziah v. Golden Rule Insurance Co.,536 So.2d 943 (Ala. 1988); Autrey v. Blue Cross-Blue Shield ofAlabama, 481 So.2d 345 (Ala. 1985).
In this case, the doorway was presumably a heavily traveled area. Ms. Mims stated in her deposition that she thought the accident occurred because the threshold was "raised up about a half an inch." It is unclear whether she was referring to the top of the threshold, which is normally raised to that height, or the bottom of the threshold, which is usually flush with the floor. Madison testified in his deposition that, at the time of the accident, "a couple of [the] screws" that had moored the threshold to the floor were missing. He further stated that the threshold was loose, and he said he knew it was loose, because he stepped on it. Both Ms. Mims and Madison testified that she tripped on the threshold and that her tripping was the cause of the accident. Resolving all reasonable doubts in favor of Ms. Mims, we find that this is substantial evidence from which a jury could find that a defect existed in the threshold of the door and that the defect caused Ms. Mims to trip, thereby causing her injuries.
Ms. Mims was a business invitee of the defendant. Therefore, it owed her a duty to exercise ordinary and reasonable care in providing and maintaining reasonably safe premises for her.Cox v. Western Supermarkets, Inc., 557 So.2d 831 (Ala. 1989). The question of whether the threshold, if it was defective, had been defective for such a period of time that Jack's should have discovered the defect, was for the jury.
The facts in this case should be distinguished from the facts in a case where a plaintiff slips and falls on a slick spot on a floor caused by food or another substance. In one of those slip and fall cases, a plaintiff not only must make a prima facie showing that her fall was caused by a defect or instrumentality (a substance causing a surface to be slick) located on the premises, but she must also present prima facie evidence that the defendant had or should have had notice of the defect or instrumentality at the time of the accident.Massey v. Allied Products Co., 523 So.2d 397 (Ala. 1988); Ticev. Tice, 361 So.2d 1051 (Ala. 1978). On the other hand, in cases where the alleged defect is a part of the premises (in this case, a loose threshold in the main entrance of a restaurant), once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident. For example, in Winn-DixieMontgomery, *Page 611 Inc. v. Weeks, 504 So.2d 1210 (Ala. 1987), a mother was going through a grocery store pushing a shopping cart, in which her son was sitting. The only unusual thing she noticed about the cart was that the wheels made a loud noise and were wobbly. While she left the cart for a moment, the child leaned over to reach for candy in a display rack, and, as he did so, the cart tilted over and his left cheek was impaled on an allegedly broken wire that was sticking up on the display rack. The defendants, appealing from a judgment based on a jury verdict in favor of the plaintiff, argued that there was no evidence that they had constructive notice of the defect. This Court affirmed, holding that the question whether the grocery store had constructive notice of the alleged defect was for the jury.Winn-Dixie Montgomery, Inc. v. Weeks, 504 So.2d at 1211.
In both this case and in Weeks, the alleged defect or instrumentality was a part of the premises. Unlike a spilled substance, a defective threshold or a cart or a display rack is a fixture that requires ordinary and reasonable maintenance in order to provide safe premises for the store's customers. Because it was the main entrance of the restaurant, we find that the question whether Jack's should have known that the threshold was defective was a question for the jury.
The judgment is due to be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.