HORNSBY, Chief Justice
(concurring in the result):
Although I agree with the majority that the summary judgment is due to be affirmed in this case, I write, as I did in Hale v. Sequoyah Caverns & Campgrounds, Inc., 612 So.2d 1162 (Ala.1992), to emphasize that the appropriate analysis should consider the Restatement (Second) of Torts § 343A (1965), which reads:
*1163 “(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.” (Emphasis added.)
Since I wrote my dissent in Grider v. Grider, 555 So.2d 104 (Ala.1989), this Court has employed this analysis in Breeden v. Hardy Corp., 562 So.2d 159 (Ala.1990), and Campbell v. Valley Garden Apartments, 600 So.2d 240 (Ala.1992). See also Hale v. Sequoyah Caverns & Campgrounds, Inc., supra (Hornsby, C.J., concurring in the result).
Applying the Restatement analysis, I conclude that the plaintiff, Fleming, presented no evidence that Arrington should have anticipated the harm to her despite her knowledge, or the obviousness, of the dangers involved. Because Fleming did not produce evidence that Arrington should have foreseen the harm to her, I agree with the majority the Fleming did not produce substantial evidence creating a genuine issue of material fact. Accordingly, I agree that the summary judgment in favor of Arrington is due to be affirmed. .
SHORES, J., concurs.