Marcella Hale and her husband, Leonard Hale, sued Sequoyah Caverns and Campgrounds, Inc., alleging liability for injuries sustained by Marcella in a slip and fall accident on the premises of Sequoyah Caverns, a tourist attraction owned and operated by the defendant.[1] The trial court entered a summary judgment in favor of Sequoyah Caverns and denied the Hales' postjudgment motion. The Hales appeal.
On September 9, 1989, the Hales were exhibiting and selling their products at a crafts show held at Sequoyah Caverns. The Hales had rented, from the defendant, an area on which to exhibit their crafts. During the show, Marcella crossed a drainage ditch to see some other exhibitions and to use a portable restroom. As she was returning to the Hales' exhibition, she slipped and fell in the drainage ditch and was injured.
The Hales contend that the trial court erred in entering the summary judgment because, they argue, there is a genuine *Page 1164 
issue of fact as to whether the allegedly dangerous nature of the ditch where Marcella fell was open and obvious. The Hales also contend that even if the allegedly dangerous condition was open and obvious, there is a genuine issue of material fact as to whether the defendant breached its duty of care owed to the Hales.
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court must review the evidence in a light most favorable to the nonmovant. Thetford v. City of Clanton, 605 So.2d 835
(Ala. 1992). This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala. Code 1975, §12-21-12. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position. Betts v. McDonald'sCorp., 567 So.2d 1252 (Ala. 1990). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
At the outset, we hold that Marcella Hale was a business invitee on the premises and, therefore, that Sequoyah Caverns owed her a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition. McClendon v.Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala. 1992). In order for the Hales to recover, they must prove that Marcella's fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; and that the defendant had or should have had notice of the defect before the time of the accident. Shawv. City of Lipscomb, 380 So.2d 812 (Ala. 1980).
In McClendon, the plaintiff slipped and fell while walking on a gravel and dirt surface, which she alleged concealed a sharp decline. This Court held that there was a genuine issue of material fact as to whether the defendant had used reasonable care and diligence to maintain the surface of the premises in a safe condition and whether the plaintiff knew or should have known of the risks associated with walking on a gravel and dirt surface that allegedly concealed the sharp decline. In Shaw, the plaintiff fell in a grassy area in a city park after she stepped on a twig or sweetgum ball that rolled. This Court held that the plaintiff did not produce sufficient evidence to create a genuine issue of fact as to whether the City of Lipscomb had breached a duty owed to the plaintiff.
The record in the instant case, viewed in a light most favorable to the Hales, reveals that, unlike the surface involved in McClendon, the surface of the ditch where Marcella fell was covered with grass and that the grass had been mowed. Leonard Hale testified in his deposition that he did not see any gravel in the ditch and that the angles of both sides of the ditch were visible. Marcella testified in her deposition that she had crossed the ditch earlier that day and that she did not know what caused her to fall. She testified that there was a bridge available that she could have used to access the portable restrooms. In his affidavit submitted in opposition to the motion for summary judgment, Leonard stated, "There are defects in the terrain where [Marcella] fell and was injured, which render [the ditch] unsafe for pedestrian traffic." Leonard testified in his deposition that the defects in the terrain would be that "the ditch would be too slippery for someone to cross"; however, Leonard further testified that other people were crossing the ditch without any trouble.
Based on the record before us, we hold that the Hales have not presented substantial evidence that Marcella's fall resulted from a defect or instrumentality on the defendant's premises that was the result of the defendant's negligence and of which the defendant had or should have had notice. SeeShaw, supra.
Because of our ruling on this issue, we pretermit discussion of the remaining issues raised by the Hales. *Page 1165 
The trial court's judgment is affirmed.
AFFIRMED.
MADDOX, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
HORNSBY, C.J., and ALMON and SHORES, JJ., concur in the result.
[1] Leonard's claim was for loss of consortium.