[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10971

Non-Argument Calendar

_____

CLARA L. GOGGANS,

Plaintiff-Appellant,

*versus*

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:18-cv-01602-MHH

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Clara Goggans appeals the district court's grant of summary judgment to Target Corporation on her claim that Target's negligence caused her to trip and fall on a defective door threshold, sustaining serious injuries, while leaving a Target store in April 2017. Because no reasonable jury could conclude that Target had notice of the defective threshold, a necessary element of Goggans's claim, we affirm.

## I.

After shopping at a Target store in April 2017, Goggans parked the motorized cart she had been using in the vestibule area between the inner and outer sliding doors to the grocery area of the store. She began walking toward the outside door carrying two small bags of merchandise and her handbag. When she reached the threshold of the sliding doors, she tripped and fell to the concrete just outside the front door, suffering injuries. It's undisputed that in the five years preceding Goggans's fall, there had been no report of any injury concerning the doors or the threshold where she tripped and fell.

According to Roger Davis, a professional forensic engineer and Goggans's expert witness, the threshold was defective because the "inboard portion" of the threshold—a ramped piece of the threshold inside the store connected to the center portion of

threshold, which contained the door track—depressed or "deflected" under force and created a difference in level of 3/8 inch between the inboard portion and the center portion. Davis testified that the difference exceeded the maximum allowable level of 1/4 inch. And in Davis's view of the video evidence and Goggans's testimony, that tripping hazard caused Goggans's fall.

For its part, Target offered its own expert, Dan Woosley, an architect and certified access specialist, who inspected the threshold in July 2019 and determined that it was compliant with all applicable building codes, standards, and ADA requirements. Woosley took measurements of the change in level at three points along the threshold, with a person roughly "the same stature as Ms. Goggans" standing directly on the inboard portion, and was "unable to get any deflection/compression at or greater than 1/4 inch." Woosley testified that he used specific tools for checking door thresholds that were "an industry standard with accessibility specialists nationwide," and that Davis's methodology was "flawed and inaccurate."

## II.

We review the district court's grant of summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of Smith, the non-moving party. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015). Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

An issue of fact is "material" if it goes to a legal element of the claim under the applicable substantive law, and it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.*  But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and summary judgment may be granted. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quotation marks omitted).

## III.

Under Alabama law, a store has a duty "to exercise reasonable care to provide and maintain reasonably safe premises for the use of [its] customers." *Denmark v. Mercantile Stores Co., Inc.*, 844 So. 2d 1189, 1192 (Ala. 2002).  But the store isn't an insurer of the customer's safety, and the doctrine of *res ipsa loquitor* doesn't apply. *Ex parte Harold L. Martin Dist. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000).  So "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Id.*

Rather, "[t]he plaintiff[] must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990).  To do that, a plaintiff generally "must show not only

that he was injured as the result of a defective condition on the owner's premises, but also that the owner knew or should have known of the defective condition" by the exercise of reasonable care. *Edwards v. Intergraph Servs. Co., Inc.*, 4 So. 3d 495, 502 (Ala. Civ. App. 2008); *see Denmark*, 844 So. 2d at 1192 ("Actual or constructive notice of the presence of the substance or instrumentality that caused the injury must be proven before the store owner can be held responsible for the injury." (cleaned up)); *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992) (holding that a plaintiff must prove that "the defendant had or should have had notice of the defect before the time of the accident"). Notice to the defendant is critical because "[t]he entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries." *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980). "[I]f that superior knowledge is lacking, . . . the invitor cannot be held liable." *Id.*

Nevertheless, according to the Alabama Supreme Court, a plaintiff need not always produce evidence of notice to avoid summary judgment "in cases where the alleged defect is a part of the premises," such as a loose threshold. *Mims v. Jack's Restaurant*, 565 So. 2d 609, 610 (Ala. 1990). According to *Mims*,

> once a plaintiff has made a prima facie showing that a
> defect in a part of the premises has caused an injury,
> then the question whether the defendant had actual
> or constructive notice of the defect will go to the jury,
> regardless of whether the plaintiff makes a prima facie

>   showing that the defendant had or should have had
>   notice of the defect at the time of the accident.

*Id.*; *see also Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88, 92 (Ala. Civ. App. 2011) (citing *Mims* for the proposition that "a showing of actual or constructive knowledge is not required at the summary-judgment stage in some special circumstances"). The court distinguished cases involving transitory substances, explaining that, "[u]nlike a spilled substance, a defective threshold or a cart or a display rack is a fixture that requires ordinary and reasonable maintenance in order to provide safe premises for the store's customers." *Mims*, 565 So. 2d at 611.

We assume without deciding that Goggans created a jury question as to whether she was injured because of a defective condition—a metal threshold at a store entrance with a difference in level greater than 1/4 inch when its inboard portion was depressed by force—when leaving the Target store in April 2017. Summary judgment was still appropriate, however, because it's undisputed that Target lacked actual notice and no reasonable jury could conclude that it "should have had notice of the defect before the time of the accident." *Hale*, 612 So. 2d at 1164.

Goggans responds that no such evidence of notice was necessary to avoid summary judgment under *Mims*, which she says governs premises-liability cases involving defective conditions that are fixtures or part of the premises, such as a door threshold. So in her view, the district court applied the wrong legal standard when it granted summary judgment based on her failure to proffer

evidence that Target had superior knowledge of the condition of the threshold. According to *Mims*, Goggans asserts, that issue was for the jury.

The central flaw in Goggans's argument is the assumption that Alabama state law determines whether she presented sufficient evidence to get to a jury in federal court. Because this is an action in diversity, *see* 28 U.S.C. § 1332, state substantive law determines the elements of her negligence claim and the materiality of evidence. *See Carlson*, 787 F.3d at 1326.

But "the sufficiency of evidence to require jury submission in diversity cases is a question of federal law." *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969)[1]; *see Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1323–24 (11th Cir. 1982) ("[F]ederal law controls questions of the sufficiency of the evidence in state law claims."). State-court decisions on issues of evidentiary sufficiency for trial aren't "binding in the Rule 56/summary judgment sense," even if they ordinarily will guide the analysis of federal courts when determining whether the facts before them present a genuine issue for trial. *Carlson*, 787 F.3d at 1326–27 (resolving an appeal consistent with a state appellate court decision because the facts in the federal case "closely

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

parallel[ed] the facts" in the state case, and the state appellate court applied a summary-judgment standard "very similar" to Rule 56).

Because the question of "whether a trial is necessary is a matter of federal law," *Lighting Fixture & Elec. Supply*, 420 F.2d at 1213, the district court didn't err by failing to treat *Mims* as binding in this case. Nothing in *Mims* purports to change state substantive law regarding what Goggans must prove to prevail on her claim. *See id.* It merely said that the issue of whether a defendant has actual or constructive notice "will to go the jury" "once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury." *Mims*, 565 So. 2d at 611. To prevail on her negligence claim, a jury still would have to conclude that Target "had or should have had notice of the defect at the time of the accident." *See id.* ("[T]he question whether Jack's should have known that the threshold was defective was a question for the jury."). Under federal summary-judgment standards, therefore, it was appropriate to require Goggans to show that a jury could reasonably infer such notice should the case proceed to trial. *See Allen*, 121 F.3d at 646 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.").

Although we don't treat *Mims* as binding, we don't think our decision conflicts with the result in that case because its facts don't "closely parallel" the facts here. *See Carlson*, 787 F.3d at 1326–27. In *Mims*, the plaintiff tripped at the main entrance of the restaurant on a loose threshold, and a witness testified that a few

screws "that had moored the threshold to the floor were missing." 565 So. 2d at 610.  A jury faced with these facts could reasonably infer that the defective condition of the threshold—likely caused by screws becoming loose over time through repeated use of the threshold—would have been discovered through the exercise of "ordinary and reasonable care," such as a simple visual inspection similar to that performed by the witness who noticed the missing screws. *See id.* at 610–11; *cf. Edwards*, 4 So. 3d at 502, 506 (granting summary judgment in part because the plaintiff "presented no evidence indicating that [the defendant], by inspecting the flooring on its basketball court, could have discovered the defect that allegedly caused his injury").[2]  Because fixtures like thresholds require "ordinary and reasonable maintenance," it follows that a jury could rationally conclude that the plaintiff's injuries were caused by the negligence of the store or its employees.  *See Maddox*, 565 So. 2d 14, 16

Here, though, there's no comparable evidence showing that Target would have discovered the defect by the exercise of reasonable care. *See Mims*, 565 So. 2d at 610–11; *Edwards*, 4 So. 3d at 502. Goggans suggests that "someone at Target should have been

---

[2] As observed by the Alabama Court of Civil Appeals, holding a store "liable for any accident resulting from what could be considered a defect in the premises without regard to whether the defect could possibly have been detected by the premises owner" would "run counter to the long-standing principles of premises liability, including the principle that such liability is premised upon the superior knowledge of the premises owner of the conditions on the premises." *Burlington Coat Factory*, 156 So. 3d at 969 n.4.

making sure that the threshold was firm and secure and that the rise in the deflection did not exceed ADA standards and constitute a tripping hazard." But the evidence fails to show that a reasonable inspection would have uncovered the hidden defect. As the district court cogently explained,

> Two experts using technical instruments, applying precise amounts of pressure to calculate very specific measurements came to separate conclusions—separated by 1/8 of an inch—about whether the deviation was acceptable or not. For Target to know of the alleged defect, it would have at least required the same degree of inspection that the experts undertook. And even then, as the dueling expert conclusions demonstrate, Target still may not have discovered the alleged defect. The duty to protect business invitees does not require such an exacting inspection to uncover possible hidden defects.

Goggans doesn't identify any case from the Alabama courts holding that the duty to perform ordinary and reasonable maintenance of fixtures requires such an "exacting inspection" from a defendant, particularly where, as here, the evidence fails to show any prior incidents or injuries concerning the doors or the threshold where she tripped and fell.

For these reasons, we agree with the district court that Goggans failed to identify sufficient evidence for a reasonable jury to conclude that Target should have known of the defective condition

of the threshold had it exercised ordinary and reasonable care to make the premises safe. *See Edwards*, 4 So. 3d at 502. Because notice to the defendant is an essential component of Goggans's claim, *see Quillen*, 388 So. 2d at 989, the court properly granted summary judgment to Target.[3]

    **AFFIRMED.**

---

[3] We reject Goggans's argument that the district court violated her due-process rights or otherwise reversibly erred by granting summary judgment on a ground not raised in Target's motion for summary judgment. Rule 56, Fed. R. Civ. P., permits a court to enter summary judgment "on grounds not raised by a party" "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Although the court failed to give such notice before it granted Target's motion, it then held a hearing on Goggans's motion to alter or amend—which raised that failure as an issue—at which Goggans had a reasonable opportunity to argue the issue of Target's superior knowledge and her contention that *Mims* applied. Because Goggans fails to show how she was harmed by the court's handling of these matters, and we have reviewed her arguments as to *Mims* and notice *de novo*, any error was harmless. *See Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1213 (11th Cir. 1995) ("Because [the plaintiff] has not been deprived of the opportunity to present facts or arguments which would have precluded summary judgment in this case, any violation of the . . . notice rule is harmless.").