**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11471

Non-Argument Calendar

_____

HELON DOLLAR,

*Plaintiff-Appellant,*

*versus*

WALMART STORES EAST LP,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:23-cv-01448-CLM

_____

Before ROSENBAUM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Helon Dollar appeals the district court's grant of summary judgment to Walmart Stores East LP on her state-law claim that Walmart's negligent maintenance caused her to fall and suffer

injuries while shoe shopping at one of its stores in Springville, Alabama. Dollar was changing her shoes while sitting on a shoe bench when it tipped forward unexpectedly, causing her to fall. After her fall, she saw that the bench was not attached at the back where it should have been secured, and an associate manager who inspected the bench confirmed that it was not attached to the fixture and was "not stable" because brackets on the back of the bench were bent or broken.

The district court concluded that Dollar's claim failed because Walmart did not have notice of the allegedly defective condition of the shoe bench. We conclude, though, that a genuine issue of material fact exists as to whether Walmart should have known of the alleged defect. We therefore vacate and remand for further proceedings.

## I.

Because we are reviewing an order on summary judgment, we present the relevant facts in the light most favorable to Dollar. On April 22, 2021, Dollar went to a Walmart store in Springville to return a pair of shoes and look for new ones. After finding a pair she liked, she sat down on a bench in the shoe section and placed her left foot on her right knee to begin changing shoes. The setting and bench (in white) looked like this:



As Dollar leaned forward to untie her shoe, the bench flipped forward, dumping her onto the floor. She was able to brace her fall with her right hand, but her "body was totally twisted." She later sought treatment for back and wrist injuries.

After the fall, Dollar pulled herself to standing, using her cart for support, and then examined the shoe bench. The bench had "flipped back" upright, according to Dollar. She pushed the edge of the bench where she had been sitting, and it tilted forward again. Dollar noticed that the bench "was not attached at the back" where it should have been secured. Otherwise, the bench did not look out of place.

Dollar reported the incident to the service desk. Assistant Manager Traci Argo took Dollar's statement and completed an incident report. Later that same day, Argo inspected the bench and observed that "[t]he brackets that were on the back of the bench

were bent on one side and broken off on the other side." As a result, the bench was "not attached to the fixture" and was "not stable," according to Argo. Nor was the loose bench an isolated problem. Argo observed "several" shoe benches, including the one Dollar fell from, that were "broken and hanging off and not safe," and reported these issues to the store manager.

## II.

In January 2023, Dollar filed a complaint against Walmart in state court alleging claims of negligence and wantonness. Walmart removed the action to federal district court based on diversity jurisdiction and then moved for summary judgment. The district court granted that motion. Dollar had conceded that the record lacked substantial evidence of wantonness. And the court found that Dollar's negligence claim failed because there was no evidence to support a reasonable finding that Walmart knew or should have known that the shoe bench was defective before Dollar's fall. Dollar now appeals the grant of summary judgment on her negligence claim.

## III.

We review de novo the district court's grant of summary judgment, construing the evidence and drawing all reasonable inferences in favor of Dollar, the non-moving party. *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But summary judgment should be denied "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## A.

Under Alabama law, "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000) (quotation marks omitted).  Rather, "[t]he plaintiff must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990).

To do that, the plaintiff generally must establish "not only that she was injured as a result of a defective condition on the owner's premises, but also that the owner knew or should have known of the defective condition." *Burlington Coat Factory of Ala., LLC v. Butler*, 156 So. 3d 963, 969 (Ala. Civ. App. 2014).  Notice of the defect—either actual or constructive—is critical because "[t]he entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries." *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980); *see Butler*, 156 So. 3d at 969 n.4.

In cases where, as here, "the alleged defect or instrumentality is a part of the premises, such as a display rack," the premises owner "has a duty to provide ordinary and reasonable maintenance of those premises." *Norris v. Wal-Mart Stores, Inc.*, 628 So. 2d 475, 478 (Ala. 1993); *see also Mims v. Jack's Restaurant*, 565 So. 2d 609, 611

(Ala. 1990) ("[A] defective threshold or a cart or a display rack is a fixture that requires ordinary and reasonable maintenance in order to provide safe premises for the store's customers"). And a premises owner can breach that duty by "fail[ing] to perform a reasonable inspection or maintenance of the premises to discover and remedy the defective condition." *Edwards v. Intergraph Servs. Co., Inc.*, 4 So. 3d 495, 503 (Ala. Civ. App. 2008).

In *Mims*, for example, the plaintiff tripped on a loose threshold at the entrance of a restaurant, and a witness stated that a couple of the screws that had secured the threshold to the floor were missing. 565 So. 2d at 610. The Alabama Supreme Court reversed the grant of summary judgment, holding that the question of whether the threshold "had been defective for such a period of time that [the restaurant] should have discovered the defect[] was for the jury." *Id.* The court explained that the threshold was a "fixture that require[d] ordinary and reasonable maintenance," and cited its presence at the "main entrance," which was "presumably a heavily traveled area." *Id.* at 610–11. Thus, in the Alabama Supreme Court's view, whether the restaurant "should have known that the threshold was defective was a question for the jury." *Id.* at 611.

*Mims* relied on the Alabama Supreme Court's prior decision in *Winn-Dixie Montgomery, Inc. v. Weeks*, 504 So. 2d 1210 (Ala. 1987). In that case, a shopping cart tipped over along with a toddler, who was reaching for candy at the check-out counter, and his left cheek was impaled on a broken wire sticking up on the candy rack. *Id.* at 1211. The grocery store argued there was no evidence showing

how long the alleged defect might have existed or that the store had been aware, or should have been aware, of the defect. The Alabama Supreme Court disagreed, holding that "[q]uestions of whether the shopping cart and candy rack were defective, and, if so, whether they had been so for such a period of time that Winn-Dixie should have discovered the defects, were properly left to the jury." The court stated that the evidence was "susceptible of several inferences," so it was for the jury "to weigh the evidence and reach conclusions on the fact questions as it saw fit under the circumstances of this case." *Id.*

**B.**

We conclude that the facts of this case, for purposes of summary judgment, are not meaningfully distinguishable from those in *Mims*. *See Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1326–27 (11th Cir. 2015) (explaining that, in diversity cases, we aim to reach the same result that the state's highest court would reach based on the same facts). So consistent with *Mims*, we hold that the question whether Walmart had constructive notice of the alleged defect was for the jury. 565 So. 2d at 610–11. We therefore vacate the grant of summary judgment and remand for further proceedings.

As in *Mims*, Dollar presented evidence of an alleged defect that "was a part of the premises" and so required "ordinary and reasonable maintenance." *Mims*, 565 So. 2d at 611. Dollar testified that the shoe bench "was not attached at the back" where it should have been secured, and that it could tilt forward unexpectedly as a

result.  Assistant Manager Argo inspected the bench after Dollar's fall and confirmed that it was "not attached to the fixture" because "[t]he brackets that were on the back of the bench were bent on one side and broken off on the other side."  As a result, according to Argo, the bench was "not stable" and "not safe."  Thus, the question is whether the shoe bench "had been defective for such a period of time that [Walmart] should have discovered the defect" by exercising its duty of reasonable maintenance.  *Mims*, 565 So. 2d at 610.

Liability in *Mims* "was premised upon evidence that the threshold that caused the plaintiff's injury was visibly loose and missing screws, *indicating that the premises owner had not inspected and repaired a defect on the premises*."  *Butler*, 156 So. 3d at 969 n.4 (emphasis added).  The same inference can be drawn in this case.  Argo testified that not just one but "several benches in the shoe department, including the one Ms. Dollar got hurt on, [] were broken and hanging off and not safe."  Walmart also does not dispute that the shoe benches saw "frequent use," likely by people leaning forward to put shoes on.

Given the context and the problems common to the benches, a jury could reasonably infer that the brackets for the shoe benches were in disrepair from customer use over time.  *See United States v. Doe*, 661 F.3d 550, 562 (11th Cir. 2011) (stating that triers of fact can rely on "common sense" and "ordinary human experience" in drawing reasonable inferences).  Although the record lacks additional details about the shoe benches or when the defective

condition arose, the same can be said for the loose threshold in *Mims* or the cart and display rack in *Weeks*. *See Mims*, 565 So.2d at 611. And the fact that multiple shoe benches were loose tends to suggest that Walmart failed to conduct reasonable maintenance of the shoe bench on which Dollar sat.

Walmart maintains that it conducted reasonable inspections, but we conclude that whether it should have known of the defect presents a triable jury issue. While store manager Glenn Smith testified in general about the store's inspection policies, he made clear that store associates would not have inspected the benches unless they looked broken or dislodged when the associates walked through or looked down the aisles. And Dollar's testimony reflects that the shoe bench looked normal apart from being unsecured. Yet at the same time, evidence showed that the defective condition was readily apparent on closer visual inspection, just as the loose threshold was in *Mims*.[1] And there is no evidence of

---

[1] In contrast, the facts of this case are not comparable to those in *Goggans v. Target Corporation*, No. 21-10971, 2021 WL 5298900 (11th Cir. Nov. 15, 2021), which Walmart cites on appeal and which the district court relied. In *Goggans*, an unpublished case, we held that summary judgment was appropriate where the store owner, to uncover the alleged defect, would have been required to conduct an "exacting inspection" of its threshold, and even then may not have discovered that a component was allegedly 1/8 of an inch too high. *See id.* at *4. Here, though, no such "exacting inspection" was required to discover that the brackets were bent and broken. Nor, on the other hand, is there compelling evidence that the defective condition was so open or obvious that Dollar should be charged with equal knowledge as a matter of law. *See, e.g., Denmark v. Mercantile Stores Co., Inc.*, 844 So. 2d 1189, 1195 (Ala. 2002) (stating that "[w]hether a condition is open and obvious is general a question for the jury,"

any inspection or maintenance of safety risks relating to customer use of the shoe benches. On this record, whether Walmart "should have discovered the defect" by exercising its duty of reasonable maintenance is a question for the jury. *See Mims*, 565 So. 2d at 610.

For these reasons, we vacate the grant of summary judgment to Walmart, and we remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

and that summary judgment was not warranted even if the plaintiff "could have seen" the defective condition "under certain circumstances").